Good afternoon. I believe the next matter before the court is 5-25-0266. Kiefer v. Rick Meador. And could the appellant, Mr. Meador, call us back? He did. And Ms. Rowe? Yes. All right. Are you ready? We'll give you a second. And then when you are ready, if you want to step up to the microphone and state your name. Good afternoon, your honors, counsel, and may it please the court. I'm Antonio Madrigal from the Office of the State Appellant Defender, appearing on behalf of Mr. Rick Meador. We ask this court to reverse the dismissal of Mr. Meador's post-conviction petition and remand for the second stage proceedings because his petition satisfies the low threshold at the first stage and restates the gist of constitutional claims under People v. Hodges. At its core, this case concerns the denial of a fundamental right. That led to a direct appeal with the effective assistance of counsel guaranteed under Section 6 of the Illinois Constitution. Mr. Meador never received that right. Instead, he was forced to file a collateral proceeding simply to obtain any review of his case by appellate counsel or a court. Now, notably, this is the first time any attorney has reviewed or presented Mr. Meador's claims on appeal. Let me go over the brief timeline of this issue. Mr. Meador's post-plea motion was denied on October 4, 2022. Critically, trial counsel didn't file a certificate requiring the Illinois Supreme Court Rule 604D with that motion. Months later, on August 14, 2023, Mr. Meador filed a pro se late notice of appeal explaining that he was unable to timely file due to his lack of communication with counsel and limited access to legal resources. We can find that at the Common Law Record, pages 64 through 67. Just three days later, on August 17, 2023, that notice was dismissed without the appointment of appellate counsel and without substantive review. Now, returning to the Post-Conviction Hearing Act. Now, under Hodges, a petition may be summarily dismissed only if it has no arguable basis in law or fact. At this stage, the first stage of post-conviction proceedings, the bar is intentionally low. Allegations must be taken as true and liberally construed in the petitioner's favor. We find that under People v. Coleman in Illinois Supreme Court case from 1998. Mr. Meador's petition easily clears that bar. Excuse me. Could you please identify with specificity the exact words in the four corners of the petition that you think raised the gist? Yes. So if you look at the petition itself, we go to pages 101, number three under four petitioner's rights under the Constitution of the United States, which substantially denies, he says, ineffective assistance of counsel, failure to provide reasonable defense for the pleading village. Now, if we go all the way to, I believe, pages 117, he goes on to cite Strickland. He says numerous cases about ineffective assistance of counsel along with saying the defendant persuaded by counsel's erroneous advice to a plea deal of 20 to 50 years with counsel's claim that with the extensive experience with the secret court that he was sure I would receive the lower end of the plea in closing argument. That, by literally construing this claim along with the record, because what President tells us is that it's not just the four corners of the document. It's the four corners of the petition itself along with the record. That, literally construing at the first stage is enough to pass the second stage proceedings and be given the appointment of counsel and to be able to help shape and form this ineffective assistance of counsel claim. Now, the state argues forfeiture because Mr. Muir didn't specifically, didn't explicitly frame this claim in the precise terms that the state wants it to. But that argument imposes a level of specificity the law does not require, especially at the first stage. What we know from what Hodges makes clear is that pro se petitioners are not required to make legal arguments or even cite authority. They need only to present a limited amount of detail sufficient to assert the gist of the constitutional claim. Now, this court should look at the decision in People v. Williams. It's an unpublished decision out of the first district, but we find it extremely persuasive in this case. There, the appellate court said even an inaudible, drafted, and disjointed claim was sufficient because when liberally construed, it suggested a viable constitutional issue. The same is true here. Mr. Muir should not be penalized for failing to articulate his claim like a trained attorney. He's not required to even cite authority. I mean, Mr. Muir has gone well above the low threshold People v. Hodges requires in leaving the post-conviction. But just to be clear, it's the attorney gave him bad advice. Yes. But we don't know what it was. The attorney predicted that he would get the lower end or said it was his opinion he'd get the lower end? I believe something like that in the last pages of the petition itself. But taking this, liberally construing this broadly, this ineffective census council claim, that coupled what we know from the record, there was no 604D certificate. So we don't actually, it's hard to really understand how he was advised. In the Supreme Court Rule 604D, there's a mandatory requirement and a conditioned precedent to a valid appeal. We know if his direct appeal was properly preserved, this court would, it would lead to an automatic reversal in this case. But where counsel fails to strictly comply with it, it not only deprives the reader of his appeal, but also raises serious concerns about whether counsel fulfills their duties to consult him and protect his appellate rights. This establishes, at a minimum, establishes an arguable claim of ineffective assistance of counsel. And that is all the statute requires at this stage. Now, to be clear, Mr. Mildur isn't asking this court to grant the reinstatement of his direct appeal. He is simply asking for an opportunity, guaranteed by the act, to proceed to the second stage of post-conviction proceedings, get the appointment of counsel where his claims can probably help shape and form. And for those reasons, this court should reverse the dismissal and remand for second stage post-conviction proceedings. Any further questions? No, thanks. I appreciate you answering my questions. We'll have, you'll have additional time to revile. Thank you. All right. Ms. Frey, whenever you're ready. Thank you. Can it please the court, counsel? I am Becky Ray, representing the people. The only issue the defendant has raised on appeal is whether the trial court erred in dismissing his post-conviction petition at the first stage. And it did not. The Post-Conviction Hearing Act states that any claim not raised in an original or amended petition is waived. And our Illinois Supreme Court addressed this issue in two cases, both named People v. Jones. In Lee Jones, the defendant's post-conviction petition was summarily dismissed by the trial court. And on appeal, she alleged the ineffective assistance of appellate counsel for the first time. The appellate court affirmed the trial court's dismissal, holding that the claims were waived under the act. The Illinois Supreme Court declined to reverse the appellate court's ruling. And it said the question was whether the allegations in the petition were sufficient to warrant relief under the act. And that meant in the petition filed in the trial court. Thus, the issues presented on appeal had to be in the petition filed in the trial court before the appellate court could address them. In Lee Jones, like the case at Barr, the trial court dismissed the defendant's post-conviction petition at the first stage. The Illinois Supreme Court held the appellate court did not err in declining to address the defendant's newly raised issues on review. Similarly, in People v. Tremaine Jones, the same year, the Illinois Supreme Court held, In Tremaine Jones, the post-conviction petition in the trial court made only a conclusory allegation of ineffective assistance of counsel. And the trial court said it was really no claim at all, much less the gist. And it dismissed the petition in the trial court as frivolous and patently without merit. On appeal, Tremaine Jones alleged erroneous 605 admonishments for the first time on appeal. The appellate court affirmed the trial court dismissal because it could not raise improper admonishments for the first time on appeal. The Illinois Supreme Court ruled the defendant may not raise issues on appeal which were not raised in the original or amended petition. And it cited the holding in Lee Jones in making its ruling. On appeal in this case, the defendant only alleged that his trial counsel was ineffective for not perfecting his appeal after the trial court denied his motion to withdraw his guilty claim. He didn't raise that issue in the trial court. So the trial court never had a chance to consider the issue that's now before this court when it ruled on the defendant's petition in the trial court. That makes it a new issue on appeal. And this court, respectfully, is without supervisory authority to address that claim. The defendant raised no other issues other than that one, and so this court should affirm the dismissal of the defendant's post-conviction petition in the trial court. To address the defendant's reply brief arguments, he tries twice in his reply brief to connect his current issue back to his pro se post-conviction petition in the trial court. He first argues that the failure of trial counsel to file a 604D certificate when he filed the defendant's post-plea motion also bears on his current claim of ineffective assistance for failing to perfect his appeal. He argued that here today. This is a red herring. That issue's not before this court. The time for the defendant to appeal the failure of his counsel to file the 604D certificate has long since passed. He filed an appeal following the denial of the withdrawal of his guilty plea, but this court found that it wasn't timely and denied it. Regardless, the defendant attempts to piggyback that issue onto the current issue, but the current issue, again, is whether the trial court erred in dismissing his post-conviction petition, not whether trial counsel erred in not filing a 604D certificate when he filed to withdraw the defendant's guilty plea. The defendant did not claim in his pro se post-conviction petition that plea counsel was ineffective for failing to consult with him or to ascertain his contentions of error to include in his motion to withdraw his guilty plea, nor did he claim that counsel failed to file a 604D certificate. So that claim, the no 604D certificate, fails for the same reason that his claim of error for the summary dismissal fails. It wasn't raised in the post-conviction petition. Additionally, the defendant further argues that this court should construe his, quote, broad ineffective assistance, end quote, claim to include the failure to preserve his appeal rights. Defendant's claim was not broad. It was, in fact, very specific. His claim was, quote, ineffective assistance of counsel fair to provide reasonable defense when pleading Miller rationale, end quote. At the same pages that counsel cited, C101 and 116 through 117. His argument in the post-conviction petition pertained primarily to Miller and the length of his sentence, with maybe one or two unrelated sentences thrown in there. Regardless, those sentences did not pertain to the issue that's before this court. He did not mention ineffective assistance of counsel as it pertains to his counsel failing to file an appeal for him. The defendant also asserts for the first time that an attorney has reviewed his case for errors. Presumably, that's in support of his fundamental fairness argument. However, the Illinois Supreme Court addressed this very issue in Tremaine Jones. The court recognized the zealous efforts of a defendant's attorney, noting his goal in adding all of the defendant's errors to his appeal, even when those were not raised in the trial court, was a laudable goal. However, the Illinois Supreme Court also admonished the appellate courts for often overlooking the waiver language contained in Section 122-3 of the Post-Conviction Hearing Act and addressing those claims anyway, even though they were raised for the first time on appeal. The defendant praised the appellate court in Tremaine Jones for not addressing on appeal those issues that were raised the first time. Even in extraordinary circumstances, the appellate court does not possess the supervisory powers of the Illinois Supreme Court. That was the Illinois Supreme Court's wording. The court went on to stress that, quote, our appellate court is not free, as this court is under its supervisory authority, to excuse in the context of post-conviction proceedings an appellate waiver caused by the failure of a defendant to include issues in his or her post-conviction petition, end quote. That can be found on page 508 in the Tremaine Jones case. Despite defendants' attempts to distinguish the Jones cases, the issue raised in both of those cases is exactly the issue raised before this court, and that's whether a defendant may raise for the first time on appeal an issue not raised in his initial or amended post-conviction petition in the trial court. He may not. The defendant argues under Williams, an unpublished, only persuasive case, that this court may artfully connect the issue here to overcome the bar of waiver, similar to what the Williams court did. But he asked this court to piecemeal the statements from his pro se post-conviction petition and his late notice of appeal, and then also consider counsel's failure to file a 604D certificate. This does not follow the order in Williams, where the defendant's statements were all contained in the post-conviction petition before the court. It was not in documents that had been previously filed and ruled upon months before the initial post-conviction petition was filed. It was all contained within the post-conviction itself. This is simply a strained attempt to have this court recognize an issue which the defendant clearly did not raise in his petition, and it should be rejected by this court. For all the reasons that I've argued here and those stated in the state's answer brief, this court should affirm the trial court's dismissal of the defendant's post-conviction petition because the issue was not raised in the trial court, and this court does not have the authority to address it respectfully. Thank you. Any questions? No, thank you. All right, thank you very much. Thank you. Mr. Mirko, rebuttal? Yes, Your Honors. This case is going to hinge on the pleading standard. The state came up here and never even mentioned the pleading standard, but just at the first stage, which is where we're at now, the pro se petitions must be viewed with a lenient eye allowing borderline cases to proceed. These are not conclusory statements. Mr. Mirko has done well above and beyond in his petition to claim ineffective assistance of counsel. What the state is trying to do here is to add another high bar to the first stage of post-conviction proceedings. Now, we know the state keeps citing Lee Jones and Tremaine Jones, but those cases, as we noted in our reply brief, are vastly different. There they had the defendants both had direct appeals. In this case, Mr. Mader never had a direct appeal. This is the first time an attorney and a court is looking at his case and reviewing the record. When looking at Williams, the trial court has allowed the piecemeal claims to pass the second stage of post-conviction proceedings. It's not like Mr. Mirador didn't say ineffective assistance of counsel in his petition. He went on for almost 40 pages talking about his constitutional deprivations along with multiple claims of ineffective assistance of counsel. We're not asking this court to somehow pull out of the ether an ineffective assistance of counsel. And we're also not asking this court to invoke some kind of supervisory authority. We never said that in there in our briefs or in our reply. The truth of the matter is that Mr. Mader never even got a chance to invoke supervisory authority from the U.S. Supreme Court because appellate counsel was never appointed. We noted that in all of our briefs. Going back to the pleading standard, Mr. Mader was not a trained attorney. The Post-Conviction Hearing Act, when it was enacted, had this in mind, that defendants are not going to be trained attorneys like us. They're going to miss key elements, key constitutional, Illinois Supreme Court, what have you, in their petitions. Mr. Mirador, as already stated, has gone above and beyond to state his ineffective assistance of counsel claim, citing presidential authority, citing Strickland. That is enough to pass him on to the second stage of post-conviction proceedings. And for those reasons, we ask this court to reverse and remand the trial court dismissal of Mr. Mirador's post-conviction claim and let him pass to the second stage of post-conviction proceedings. Any questions? No, thank you. Any questions? All right. Thank you, counsel, very much for your well-reasoned arguments, and we will take this matter under advisement. We will issue a ruling in due course. All right. Thank you very much.